IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60758
Summary Calendar
_____


JERRY LOUIS HALL; LINDA NINA HALL,

                                        Plaintiffs-Appellants,

versus

CITY OF VICKSBURG; ET AL.,

                                        Defendants,

WARREN COUNTY SHERIFF'S DEPARTMENT;
W. MARTIN Pace, Individually and in his
official capacity as Sheriff of Warren
County, Mississippi; BILLY HIGGINS,
Individually and in his official capacity
as Sheriff of Warren County, Mississippi;
TODD DYKES, Individually and in his official
capacity as deputy sheriff of Warren County,
Mississippi,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:98-CV-18-BrS
--------------------
May 29, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Jerry and Linda Hall appeal the district court's summary

judgment in favor of the defendants on their claims brought under

42 U.S.C. § 1983 and Mississippi state law.  The Halls failed to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

present competent summary-judgment evidence in support of their claims in the appellate record. The Halls may assert on appeal that the evidence presented by the defendants created issues of material fact that would preclude summary judgment. See John v. Louisiana (Bd. of Tr. for St. Coll. and Univ.), 757 F.2d 698, 709-13 (5th Cir. 1985).

The Halls contend that the district court erred in granting qualified immunity in favor of Deputy Billy Higgins and Deputy Todd Dykes. They assert that the deputies acted in a "plainly incompetent" manner by failing to assist Linda Hall in regaining custody of her adopted daughter. At the time of the situation and under the circumstances set forth in the defendants' summary-judgment evidence, the deputies' actions were objectively reasonable. See Spann v. Rainey, 987 F.2d 1110, 1114 (5th Cir. 1993).

Linda Hall also asserts that the deputies' actions in arresting her without a warrant were not objectively reasonable. According to the summary-judgment evidence, Dykes and Higgins arrested Mrs. Hall after she repeatedly failed to comply with their orders to leave the scene. Their actions in arresting her without first seeking a warrant were objectively reasonable under state law. See MISS CODE ANN. § 99-3-7(1).

The Halls have failed to challenge the district court's denial of Linda's allegation of false imprisonment, their claims against Sheriff W. Martin Pace in his individual capacity, the claims against the defendants in their official capacities and against the Warren County Sheriff's Department, their Fifth

Amendment claims, and their state-law claims.  These issues are therefore deemed abandoned.  <u>Brinkmann v. Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).  The district court's judgment is AFFIRMED.